# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: GENENTECH, INC., ) | |
| HERCEPTIN (TRASTUZUMAB) ) | MDL DOCKET NO. 16-MD-2700 |
| MARKETING AND SALES ) | ALL CASES |
| PRACTICES LITIGATION ) | |

### GENENTECH, INC.'S MOTION FOR PROTECTIVE ORDER
### AND BRIEF IN SUPPORT

Defendant Genentech, Inc. ("Genentech"), pursuant to Federal Rule of Civil Procedure 26(c), respectfully requests that the Court enter a protective order with respect to Plaintiffs' Notice of Deposition of Stephanie Mendelsohn (the "Notice") (attached as Exhibit 1). In support of its Motion, Genentech states as follows:

### INTRODUCTION

On July 15, 2016, Plaintiffs served the Notice on Genentech. (*See* Exhibit 1.) The Notice sought to depose Stephanie Mendelsohn on July 22, 2016 in Tulsa, Oklahoma. Ms. Mendelsohn is the Director of Corporate Records for Genentech. The Notice contains no description of the scope or proposed topics of the deposition. Plaintiffs apparently seek to depose Ms. Mendelsohn because she verified Genentech's responses to Plaintiffs' discovery requests. *See* Genentech, Inc.'s Responses and Objections to the Portions of Plaintiffs' First Set of Discovery Requests Adopted by Plaintiffs Following

CMO No. 1 (verification page) (attached as Exhibit 2[1]); *see also* Genentech, Inc.'s Responses and Objections to Plaintiffs' First Set of Discovery Requests Regarding Preemption (verification page) (attached as Exhibit 3).

As explained below, Ms. Mendelsohn is not the appropriate deponent for Plaintiffs' stated purpose because she lacks the requisite personal knowledge of Genentech's responses to Plaintiffs' discovery requests. Further, counsel for Genentech was unavailable on the noticed date. And, any deposition of a Genentech employee would need to take place in San Fransisco, California, which is Genentech's principal place of business.

Genentech advised Plaintiffs of its position in its letter of July 19 (*see* Letter from W. O'Connor to D. Keglovits dated July 19, 2016, attached as Exhibit 4), in a meet and confer on July 27, 2016, and again by letter on July 28, 2016. (*See* Letter from W. O'Connor to D. Keglovits dated July 28, 2016, attached as Exhibit 5.) Despite Genentech's efforts, the parties are unable to resolve these issues without the Court's assistance. Consequently, Genentech respectfully requests that the Court enter a protective order with respect to Plaintiffs' unilateral notice of the Mendelsohn deposition.

---

[1] Exhibits 2-4 to this Motion are designated "Confidential" in their entirety and, accordingly, are not included with this filing. In addition, Exhibit 5 to this Motion contains certain information designated "Highly Confidential" and, accordingly, that information is redacted. By separate filing pursuant to LCvR 79.1, Genentech shall seek leave to file Exhibits 2-5 under seal.

## ARGUMENTS AND AUTHORITIES

A protective order with respect to Plaintiffs' Notice of Deposition of Stephanie Mendelsohn is warranted because Ms. Mendelsohn is not the appropriate person to testify regarding Plaintiffs' stated reason for the deposition. Ms. Mendelsohn lacks the personal knowledge that Plaintiffs seek—namely, information regarding the substance of Genentech's responses and objections to Plaintiffs' discovery requests. The limited scope of Ms. Mendelsohn's knowledge is clear from her verifications, which state that "some of the matters stated in the foregoing Responses are not within my personal knowledge and consist of information that Genentech, Inc.'s counsel and authorized persons provided to me." (*See* Exhibits 3 and 4 (verification pages).)

Ms. Mendelsohn's verifications are accurate and sufficient as a matter of law. As Genentech advised Plaintiffs in its letter of July 19, at the meet and confer on July 27, and in its letter on July 28, Ms. Mendelsohn is *not* required to have personal knowledge of the facts stated in Genentech's responses. *See Shepherd v. American Broadcasting Cos.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995). And, while a representative must have *some* basis for signing the responses, no independent investigation is required. Ms. Mendelsohn was permitted to and did rely on discussions with authorized Genentech persons. *See id.*

Genentech has repeatedly advised Plaintiffs that taking Ms. Mendelsohn's deposition would serve no purpose other than to waste the parties' resources.

3

Plaintiffs' insistence on proceeding with a deposition in which the deponent would be unable to answer most, if not all, questions posed to her is an improper litigation tactic and certainly does nothing to engender good faith efforts to resolve discovery disputes.

Genentech notified Plaintiffs in its letter of July 19, at the meet and confer on July 27, and in its letter on July 28 that it intends to produce for deposition a fact witness (in addition to an expert witness) on the issues of Genentech's manufacturing processes for Herceptin®, the FDA-approved protein content specification range for Herceptin®, and other issues relevant to Genentech's preemption defense.  That representative, and not Ms. Mendelsohn, is the appropriate person to testify regarding these issues.

A protective order is also warranted because the proposed deposition seeks information that neither bears on nor reasonably might bear on federal preemption, as set forth in Case Management Order No. 1 [Dkt. No. 39].  As explained in Genentech's July 19, 2016 letter, Plaintiffs' discovery requests seek a broad range of information wholly unrelated to Genentech's preemption defense.  (*See* Exhibit 4, pp. 3-9.)

In particular, Genentech's preemption defense is based on two independent grounds. First, Plaintiffs' state-law claims conflict with federal law because they would require Genentech to ensure that each vial of Herceptin is filled with exactly 440 mg, which directly conflicts with Congress's express determination to permit reasonable variations in the net contents of prescription drugs, as implemented through FDA regulations.  *See* 21 U.S.C. § 352(b); 21 C.F.R. § 201.51(g).

4

Second, Plaintiffs' claims are preempted because ensuring that each vial of Herceptin contains exactly 440 mg would require Genentech to change its manufacturing process and corresponding FDA-approved specifications—a change Genentech cannot make without prior FDA approval. *See Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013); *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011); 21 U.S.C. § 356a(c); 21 C.F.R. § 601.12(b)(2)(i).

Consequently, the scope of documents relating to these issues is narrow, and many of Plaintiffs' discovery requests have no bearing on whether their claims are preempted. Genentech thus objects to producing a deponent regarding Plaintiffs' discovery requests generally, as many of them are wholly unrelated to the preemption issue.

Because the proposed deposition relates to the basis of Genentech's responses to Plaintiffs' discovery requests, Genentech preserves its objections to those requests and objects to the Notice on the same grounds. (*See* Exhibits 2 and 3.)  In particular, Genentech objects on the grounds that (1) Plaintiffs' requests are unreasonably cumulative and duplicative because the testimony sought at the deposition seeks information that is already in Plaintiffs' possession, custody, or control, or equally available to Plaintiffs; (2) the deposition seeks information protected from disclosure by the attorney-client privilege and work-product doctrine, or any other applicable

privilege or exemption; and (3) the deposition seeks trade secret, confidential, or proprietary information. *See* FED. R. CIV. P. 26(c)(1)(G).

A protective order is further warranted because the Notice failed to provide a reasonable length of notice, as required under Federal Rule of Civil Procedure 30. Counsel for Plaintiffs did not confer with counsel for Genentech regarding dates for this deposition. Counsel for Genentech was unavailable on the noticed date, July 22, which was only seven days after the date the Notice was served. Genentech urges Plaintiffs to cooperate with Genentech in scheduling future depositions.

Finally, a protective order is warranted because the deposition was noticed for Tulsa, and not in San Francisco. Because Genentech's principal place of business is in San Francisco, that is the appropriate location for any deposition of Genentech personnel. *See Kelly v. Mercedes-Benz USA, Inc.*, No., 2015 WL 3796045, at *1 (N.D. Okla. Mar. 8, 2015) ("The general rule is that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."); *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 483 (10th Cir. 1995) ("[D]eposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."); *Mitchusson v. Sheridan Prod. Co.*, No. CIV-10-1362, 2010 WL 5462585, at *1 (W.D. Okla. Dec. 29, 2010) (same).

To overcome this presumption, the deposing party must show that "peculiar circumstances exist to compel the Court to suspend the general rule." *Pinnacle*

*Packaging Co. v. Constantia Flexibles*, No. 12-CV-537-JED-TLW, 2015 U.S. Dist. LEXIS 168700, at *12 (N.D. Okla. Dec. 17, 2015). Genentech advised Plaintiffs of its position regarding location in its letter of July 19, at the meet and confer on July 27, and in its letter on July 28, but Plaintiffs failed to articulate any compelling or peculiar circumstances that would suspend the general rule. Consequently, any deposition of a Genentech employee should take place in San Francisco.

## CONCLUSION

For the foregoing reasons, Defendant Genentech, Inc. respectfully requests that the Court enter a protective order with respect to Plaintiffs' Notice of Deposition of Stephanie Mendelsohn.

7

Respectfully submitted,


s/William W. O'Connor
WILLIAM W. O'CONNOR, OBA #13200
**NEWTON, O'CONNOR, TURNER & KETCHUM**
15 W. 6th Street, Suite 2700
Tulsa, OK  74119
Telephone: (918) 587-0101
Facsimile:  (918) 587-0102
Email: boconnor@newtonconnor.com

-and-

ALICIA J. DONAHUE, Bar No. 117412
*(admitted pro hac vice)*
**SHOOK, HARDY & BACON LLP**
One Montgomery, Suite 2700
San Francisco, CA  94104
Telephone: (415) 544-1900
Facsimile:  (415) 391-0281
Email: adonahue@shb.com

JAMES P. MUEHLBERGER, Bar No. 51346
*(admitted pro hac vice)*
**SHOOK, HARDY & BACON LLP**
2555 Grand Blvd.
Kansas City, MO  64108
Telephone: (816) 474-6550
Facsimile:  (816) 421-5547
Email: jmuehlberger@shb.com

*Attorneys for Defendant Genentech, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 28th day of July, 2016 the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                          s/William W. O'Connor
                                          William W. O'Connor