IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: Genentech, Inc., Herceptin (Trastuzumab) Marketing and Sales Practices Litigation | MDL Docket No. 16-MD-2700<br><br>Document Relates to:<br>**All Cases** |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF STEPHANIE MENDELSOHN

For the second time in as many weeks, Genentech seeks a protective order precluding Plaintiffs from obtaining information they need to prepare their response to Genentech's preemption Motion for Summary Judgment. In its most recent Motion, Genentech seeks an order precluding Plaintiffs' counsel from deposing Stephanie Mendelsohn—the person who verified Genentech's responses to Plaintiffs' interrogatories and who serves as Genentech's Director of Corporate Records. As shown below, Genentech's Motion is not supported by case law or the Federal Rules of Civil Procedure and should be denied.

## BACKGROUND

On June 23, 2016, Judge Kern instructed the parties to begin discovery on the issue of federal preemption, stating "I want the discovery to be on issues that bear on or reasonably might bear on the question of the Federal preemption, and that should be taken in a ***broader*** sense." Ex. 1, Transcript of Case Mgmt. Conf., at 32:13-21 (emphasis added). Judge Kern further stated, "I don't agree with the defendant that [discovery is] going to be narrow. It can be just wherever your discovery takes you." *Id.*

Since the Case Management Conference, Plaintiffs have sought information that "might bear on the question of Federal preemption." Despite Plaintiffs' efforts to abide by Judge Kern's instructions, Genentech has resisted discovery. Although

{1523390;}

1

Plaintiffs served Genentech with written discovery requests narrowly tailored to the issue of federal preemption, Genentech has refused to provide most of the information and documents requested by Plaintiffs. [*See* Pls.' Mot. to Compel, MDL Dkt. #64.] In response to Plaintiffs' multiple discovery requests seeking the identity of witnesses with information about the approval process for the Herceptin label, changes to that label, and the bases for the representations on that label, Genentech has identified a single individual "it intends to produce for deposition."[1] [Def.'s Mot. for P.O., MDL Dkt. #65, at 4.] Genentech simply ignores both Judge Kern's instructions and the applicable rules.

On July 15, in an effort to obtain *some* information related to Genentech's preemption defense, Plaintiffs sent Genentech a letter outlining the many deficiencies in Genentech's discovery responses. *See* Ex. 2, July 15, 2016 Letter. Along with the letter, Plaintiffs served Genentech with a notice for the deposition of the person who verified Genentech's discovery responses. In the letter, counsel for Plaintiffs stated,

> To understand better Genentech's discovery responses and the good faith efforts to answer them, Plaintiffs enclose a notice for the deposition of Stephanie Mendelsohn, Director of Corporate Records for Genentech. We chose Ms. Mendelsohn because she was selected by Genentech to verify the interrogatory responses. As always, we will work with you on the date and time for the deposition.

*Id.* at 8.[2]

---

[1] After making its Rule 26 Initial Disclosures, responding to multiple sets of written discovery requests, and engaging in extended follow-up correspondence related to discovery, Genentech still has identified only three individuals who Genentech says might have relevant information about the entire case.

[2] Although Plaintiffs' counsel agreed to "work with [Genentech] on the date and time for the deposition," the Notice proposed a deposition date seven day later, on July 22, 2016. Local Rule 30.1(a)(2) provides that "reasonable notice to parties as contemplated by Fed. R. Civ. P. 30(b)(1) for the taking of depositions shall be seven (7) days."

{1523390;}

Plaintiffs seek to depose Ms. Mendelsohn because she is a director of Genentech and has information about Genentech's efforts to respond to Plaintiffs' written discovery and the "authorized employees" who assisted in those efforts. *See* Ex. 3, Mendelsohn Verification. Moreover, because Ms. Mendelsohn is Genentech's Director of Corporate Records, she will have information about the types of documents and records in Genentech's possession, including documents and records related to the Herceptin label. Plaintiffs believe this evidence is central to the issue of federal preemption. The Mendelsohn deposition is permitted by both Judge Kern's ruling and the discovery rules and should be allowed.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 26(c) "[a] party or any person from whom discovery is sought may move for a protective order…to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The burden is upon the [party seeking a protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Harwood v. Ferguson Advantage Imports Isuzu-Subaru-KIA-Suzuki, L.L.C.*, 2010 WL 3239368, *1 (N.D. Okla. Aug. 16, 2010). Thus, Genentech bears the burden of showing by particular and specific facts that the Mendelsohn deposition will subject Genentech to "annoyance, embarrassment, oppression, or undue burden or expense." Genentech makes no such showing here.

## ARGUMENT

### I. Plaintiffs Are Entitled to Depose Ms. Mendelsohn.

Throughout the course of this litigation, Genentech has attempted to dictate to Plaintiffs what their claims are and what information they should be allowed to see. Now, Genentech also attempts to dictate which witnesses Plaintiffs can depose. Genentech argues that Plaintiffs should not be allowed to depose Ms. Mendelsohn

because Ms. Mendelsohn does not have personal knowledge of <u>all</u> of the matters stated in Genentech's discovery responses. Instead, Genentech has determined that Plaintiffs should seek that information from another witness chosen by Genentech. [MDL Dkt. #65, at 4.] There is no authority for this type of restriction.

Genentech admits that Ms. Mendelsohn had some basis for verifying Genentech's responses. [*Id.* at 3.] Moreover, Ms. Mendelsohn's verification statement says that only "*some* of the matters" in the responses are outside her personal knowledge. Neither Ms. Mendelsohn nor Genentech allege she has no knowledge of the facts in Genentech's responses.

Plaintiffs are entitled to depose Ms. Mendelsohn about what she knows. Included in that information will certainly be the steps she took to gather information for Genentech's discovery responses and the identity of the "authorized employees" who provided her with information for the responses. In addition, because Ms. Mendelsohn is Genentech's Director of Corporate Records, she will have relevant information about Genentech's documents and records, including relevant information about documents and records related to the FDA approval process for the Herceptin label.

Genentech repeatedly argues that "Ms. Mendelsohn is *not* required to have personal knowledge of the facts stated in Genentech's responses." [*Id.*] Yet, Genentech offers no authority to support its Motion to shield Ms. Mendelsohn from deposition. The case cited by Genentech, *Shepherd v. American Broadcasting, Cos.*, 62 F.3d 1469 (D.C. Cir. 1995), does not hold that the person verifying a corporation's responses to interrogatories may not be deposed. Instead, *Shepherd* says that although "a representative of a corporate party [may] verify the corporation's answers without personal knowledge of *every* response…the representative must have a basis for signing the responses…." *Id.* at 1482. Thus, *Shepherd* supports Plaintiffs' position

that Ms. Mendelsohn, as the party who verified Genentech's responses, must have *some* basis for signing the responses. Plaintiffs are entitled to know that basis, along with the other discoverable information she knows.

This Court has acknowledged that the person who verifies discovery responses for a corporation may be deposed. In *ZCT Systems Group Inc. v. FlightSafety International*, 2010 WL 1257824 (N.D. Okla. Mar. 26, 2010), Magistrate Judge Cleary rejected a party's attempt to shield an employee from deposition because, among other things, the employee had verified "most, if not all, of the written discovery responses on behalf of the company." *Id.* at *3. In fact, Judge Cleary described the company's attempt to shield the verifying employee from deposition as "incredible." *Id.*

Genentech has not shown the information Plaintiffs seek from the Mendelsohn deposition is beyond the scope of discoverable information, and it has not shown that a deposition to obtain this information will subject Genentech to "annoyance, embarrassment, oppression, or undue burden or expense." Accordingly, the Court should deny Genentech's Motion.

## II. Plaintiffs' Deposition Notice Was Proper.

Genentech also alleges the Mendelsohn deposition should not be allowed because the deposition notice was deficient in several ways. As shown below, those allegations are unfounded and should be rejected.

### A. Plaintiffs do not seek to depose Ms. Mendelsohn under Rule 30(b)(6).

Genentech complains that the deposition notice "contain[ed] no description of the scope or proposed topics of the deposition." [MDL Dkt. #65 at 1.] Genentech apparently believes Plaintiffs noticed Ms. Mendelsohn for deposition as a Rule 30(b)(6) corporation representative. The deposition notice, however, makes no mention of subsection 30(b)(6). *See* Ex. 4, Deposition Notice. Accordingly, Plaintiffs

are not required to identify the proposed topics of the deposition. For this same reason, Genentech is not entitled to choose its own witness for Plaintiffs' deposition. [MDL Dkt. #65 at 4.]

### B. Plaintiffs offered to work with Genentech to schedule the deposition.

Genentech also complains that Plaintiffs' deposition notice was "unilateral" and that "Counsel for Plaintiffs did not confer with counsel for Genentech regarding dates for the deposition." [MDL Dkt. #65 at 2 & 6.] This characterization is unfair and misleading. Although Plaintiffs did propose a date in the Mendelsohn deposition notice, Plaintiffs' counsel also stated "[Plaintiffs] will work with [Genentech] on the date and time for the deposition." Ex. 2 at 8. Moreover, the date proposed by Plaintiffs was not unreasonable, as it allowed exactly the amount of time Local Rule 30.1(a)(2) defines as "reasonable notice."

Genentech "urges Plaintiffs to cooperate with Genentech in scheduling future depositions," [MDL Dkt. #65 at 6], but as evidenced by Genentech's continued refusal to identify an acceptable date for the Mendelsohn deposition, it is not Plaintiffs who are failing to cooperate. Counsel for Genentech made clear at the meet-and-confer that Genentech will not make Ms. Mendelsohn available for deposition at any time or place. Genentech's complaints about the timing for the deposition are just another attempt to prevent Plaintiffs from conducting meaningful discovery.

### C. Tulsa is the best and most efficient place for the Mendelsohn deposition.

Genentech further objects to the deposition notice because the notice identified Tulsa, Oklahoma as the location of the deposition.[3] [MDL Dkt. #65 at 6.] Although Plaintiffs acknowledge there is no clear authority to require Genentech to send its employee to Tulsa for deposition, the Court has "substantial discretion to designate the site of a deposition." *Buzzeo v. Bd. of Educ., Hempstad*, 178 F.R.D. 390, 392

---

[3] The deposition notice gave Genentech the choice of appearing for deposition in Tulsa at the offices of either GableGotwals or Newton, O'Connor.

{1523390;}

6

(E.D.N.Y. Mar. 17, 1998). In designating a location, the Court should weigh the "cost, convenience, and litigation efficiency" of the location. *Id.* at 393. Here, those factors weigh in favor of setting that location in Tulsa.

When the Judicial Panel on Multidistrict Litigation transferred these cases to this district, it held that "the Northern District of Oklahoma will serve the convenience of the parties and witnesses" and "provides a geographically central forum for this nationwide litigation." [Transfer Order, MDL Dkt. #24, at 1-2.] In addition, three of the four law firms actively involved in this litigation are located in Oklahoma,[4] and Genentech's California counsel has already stated that travel to Oklahoma is not a burden for her. Because most of the lawyers are located in Oklahoma, conducting the deposition here will lower cost and increase both convenience and efficiency.[5]

Although the location of a deposition is in the Court's discretion, the factors discussed above weigh in favor of setting the Mendelsohn deposition in Oklahoma. The Court should therefore deny Genentech's Motion and require Genentech to present Ms. Mendelsohn for deposition in Tulsa.

## CONCLUSION

As shown above, Genentech has failed to present any valid reason for this Court to enter a protective order prohibiting the deposition of Stephanie Mendelsohn. The Court should therefore deny Genentech's Motion for Protective Order.

---

[4] GableGotwals, the Sill Law Group, and Newton, O'Connor are all located in Oklahoma.

[5] In fact, after California counsel committed to attending the August 3 hearing in Tulsa, Plaintiffs' counsel offered to set the Mendelsohn deposition in Tulsa on August 2, 3, or 4 to minimize even further the cost of travel related to the deposition. Obviously, Genentech declined this offer.

{1523390;}

7

Respectfully Submitted,

*/s/ David E. Keglovits*
David E. Keglovits, OBA #14259
Steven J. Adams, OBA #142
Amelia A. Fogleman, OBA #16221
Adam C. Doverspike, OBA #22548
James Wesley Scott Pebsworth, OBA #30900
GABLEGOTWALS
1100 ONEOK PLAZA
100 West 5th Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone (918) 595-4800
Facsimile (918) 595-4990
dkeglovits@gablelaw.com
sadams@gablelaw.com
afogleman@gablelaw.com
adoverspike@gablelaw.com
wpebsworth@gablelaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of August, 2016, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System for filing as required in the Court's Practice and Procedure Order (MDL Doc. #6 at ¶5).

                                              */s/ David E. Keglovits*
                                              David E. Keglovits