**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: GENENTECH HERCEPTIN | ) | |
| (TRASTUZUMAB) MARKETING | ) | MDL DOCKET NO. 16-MD-2700 |
| AND SALES PRACTICES | ) | ALL CASES |
| LITIGATION | ) | |

**FILED UNDER SEAL**

## OPINION AND ORDER

Before the Court is Defendant's Motion for Order Requiring Plaintiffs to Comply With Federal Rule of Civil Procedure 56(d) ("Rule 56(d) Motion") (Doc. 161), which is fully briefed. Also before the Court is Defendant's Motion for Leave to Supplement the Record Regarding its Motion for Summary Judgment Based on Federal Preemption ("Motion to Supplement") (Doc. 173), which is fully briefed.

### I.     Procedural History

On June 23, 2016, the Court conducted an initial case management hearing.  Defendant Genentech, Inc. informed the Court of its intention to file an early motion for summary judgment on the issue of federal preemption ("preemption motion").  Defendant argued that delaying class and merits discovery until the Court's ruling on preemption would result in judicial economy because it did not "believe there's a lot of discovery that would be required on the preemption issue." (6/23/16 Hr'g Tr. 26:7-8.)  Defendant also urged the Court to delay preemption discovery until (1) it filed the preemption motion, and (2) Plaintiffs filed an affidavit pursuant to Federal Rule of Civil Procedure 56(d) explaining their need for discovery.  Plaintiffs objected, arguing that waiting to commence preemption discovery would cause unnecessary delay.

The Court granted Defendant's request to stay discovery on class certification and the merits. Because Defendant planned to rely upon an expert witness and other evidence in support of its motion, it became clear that Plaintiffs could not "present facts essential to justify its opposition"

without at least some discovery.  *See* Fed. R. Civ. P. 56(d).  Rather than waiting two months for

Defendant to file the preemption motion and then forcing Plaintiffs to file a Rule 56(d) affidavit, the

Court ordered the parties to commence preemption-related discovery on an expedited basis.  When

Defendant expressed concerns about preemption discovery disputes, the Court explained:

> Well, I believe your option is full-blown discovery on preemption, on class, on
> merits, starting tomorrow.  So it seems like even if you have disputes that come up
> along the way that you're better off getting your motion heard first in spite of some
> potential difficulties.

(6/23/16 Hr'g Tr. 28:16-22.)

Consistent with its oral rulings at the hearing, the Court entered Case Management Order #1,

which created a "Phase I" limited to the issue of federal preemption:

> a.      Purpose of Phase I
>
> During Phase I, discovery shall be limited to the issue of federal preemption.
> The parties may seek discovery only on issues that bear on or reasonably might bear
> on federal preemption.
>
> b.      Phase I Schedule
>
> I. Phase I discovery shall commence upon entry of this Order.
>
> ii. During Phase I, the time to respond to written discovery shall be shortened
> to fifteen days.
>
> iii. Defendant shall identify by full name, address, and telephone
> number each person whom Defendant already expects to rely on as
> an expert on federal preemption issues by June 24, 2016.
>
> iv. Defendant shall identify by full name, address, and telephone
> number each additional person whom Defendant intends to rely on as
> an expert on federal preemption issues by July 26, 2016.
>
> v. Discovery conference with United States Magistrate Judge T. Lane
> Wilson on July 26, 2016 at 9:30 a.m. The parties shall be prepared
> to discuss any unresolved Phase I discovery disputes at this
> conference. . . .

> vi. Defendant shall provide Plaintiffs with a copy of any expert affidavits it intends to use in support of its motion for summary judgment based on federal preemption by August 9, 2016.
>
> vii. Any dispositive motions relating to federal preemption shall be filed on or before August 23, 2016.
>
> viii. Responses to any dispositive motions relating to federal preemption shall be filed on or before September 22, 2016.
>
> ix. Replies to any dispositive motions relating to federal preemption shall be filed on or before October 6, 2016.
>
> x. The parties shall submit a joint proposed ESI protocol to the Court on or before October 20, 2016.

(Doc. 39.)

Unfortunately, Phase I has not moved expeditiously. Defendant failed to identify its expert until June 30, 2016. Defendant objected to the majority of Plaintiffs' propounded discovery as irrelevant, overly broad, and burdensome. Plaintiffs filed a Motion to Compel Preemption Discovery ("Motion to Compel") (Doc. 64), which remains pending and has been extensively briefed. (*See* Doc. 130.) Defendant also filed a Motion for Protective Order to quash subpoenas issued by Plaintiffs to eleven third parties ("Motion for Protective Order") (Doc. 124), arguing that such subpoenas requested information not relevant to preemption. In the midst of these discovery disputes, Defendant filed its preemption motion by the required deadline. (*See* Doc. 109.) Defendant argues that Plaintiffs' claims are preempted under the doctrines of obstacle preemption and impossibility preemption. In light of the pending discovery disputes, Judge Wilson stayed Plaintiffs' deadline for responding to the preemption motion.

Since July of 2016, Judge Wilson has conducted five hearings on discovery disputes. During the last hearing, Judge Wilson proposed a procedure whereby: (1) Defendant agreed to defer any

ruling on impossibility preemption until the close of all discovery; and (2) Plaintiffs responded to obstacle preemption with a set of hypothetical, best-case scenario facts agreed to by the parties only for purposes of that response.  This would avoid Defendant undertaking what it described as a massive document production, while still permitting Plaintiffs to respond to the obstacle preemption arguments without suffering prejudice.  This proposed procedure was unsuccessful.  Defendant objected to 39 of Plaintiffs' 40 proposed facts, and both parties now seek to abandon this procedure.  On January 9, 2017, the parties submitted status reports indicating they are at a total impasse on preemption discovery.  (*See* Docs. 160, 162.)

## II.   Parties' Proposals

Phase I has not proceeded as planned, and the Court has been unable to issue an early ruling on preemption.  Plaintiffs offer two proposals for going forward: (1) abandon Phase I and hold the preemption motion in abeyance until the close of all discovery; or (2) maintain Phase I, compel Defendant to produce additional preemption-related discovery, and complete briefing on the preemption motion.  Defendant proposes that the Court order Plaintiffs to file a Rule 56(d) affidavit showing that, despite the documents already produced by Defendant, Plaintiff still "cannot present facts essential to justify its opposition" to the preemption motion.  *See* Fed. R. Civ. P. 56(d).  Defendant's Rule 56(d) Motion makes the same request.  (*See* Doc. 161.)  Both parties agree that, regardless of when preemption briefing is completed, the briefs should simultaneously address both impossibility and obstacle preemption.

### III.     Motion to Supplement

In an unexpected and significant turn of events, Defendant filed the Motion to Supplement, which requests leave to supplement its preemption motion with new evidence.  (*See* Doc. 173.) Specifically, Defendant seeks to submit evidence of recent communications between Defendant and the U.S. Food & Drug Administration ("FDA") regarding Herceptin.  (*See* Docs. 173-1, 173-2.) Plaintiffs do not object to supplementation and contend these communications actually support their position on preemption.  Plaintiffs also contend that Defendant's supplemental evidence resolves any doubt as to whether they are entitled to certain requested discovery regarding other FDA communications.

For good cause shown, the Court grants Defendant's Motion to Supplement.  However, rather than "supplement the record," the Court requires Defendant to file an amended motion for summary judgment that incorporates the supplemental evidence.  This creates a cleaner record for analysis and will not result in delays or prejudice to either party.  In addition, the Court finds that Defendant's supplemental evidence supports Plaintiffs' contention that they are entitled to fairly broad-ranging discovery related to Defendant's communications with FDA regarding Herceptin. The Court further finds that granting the Motion to Supplement gives Plaintiffs a significant degree of latitude in relation to FDA communications.  Therefore, although Defendant has produced 21,500 pages of documents, the issue remains pending as to whether Defendant has adequately responded to Plaintiffs' discovery requests.

### IV.     New Case Management Plan

After consideration of all parties' positions and consultation with Judge Wilson, the Court concludes that maintaining Phase I continues to have value.  Having now reviewed the preemption

motion, the Court remains convinced that the preemption issue should be decided prior to class or merits discovery and prior to consideration of other motions.  However, the Court now has a more realistic view of the discovery required for resolution of the preemption motion, and it is more extensive than Defendant forecasted at the initial hearing.  Defendant's preemption motion relies upon evidence regarding its communications with FDA and its manufacturing process, both of which Plaintiffs are entitled to explore before responding to the motion.  As observed by Judge Wilson at one of the evidentiary hearings, the preemption defense opened doors in discovery that may well have stayed closed if the only issue was breach of a state-law warranty.  Thus, while the Court still believes Phase I is in the interest of judicial economy, the Court no longer views Phase I as a short and expedited process with limited discovery.  Instead, the Court anticipates that "preemption discovery" may take significant additional time and effort.  The Court will set a Phase I discovery deadline six months from this date.  The Court is hopeful that future phases of the litigation (if they occur) are expedited by the discovery efforts undertaken during Phase I.

At this juncture, ordering Plaintiffs to file a Rule 56(d) affidavit would simply duplicate briefs already pending before Judge Wilson.  The Court concluded over six months ago that Plaintiffs could not respond to the motion without discovery. The Court dispensed with any Rule 56(d) requirement at that time by setting a briefing schedule and ordering the immediate commencement of preemption discovery.  The only reason Plaintiffs have not been forced to substantively respond to the motion is that the Court stayed their response deadline to resolve discovery disputes.  Such disputes are fully briefed and pending before Judge Wilson.  Requiring a Rule 56(d) affidavit at this juncture would simply shift the discovery issues to this Court, require duplicate briefing, and render a nullity the time Judge Wilson has spent addressing discovery issues.

Therefore, the Court will maintain Phase I, set a Phase I discovery deadline approximately six months from the date of this Order, and set a new briefing schedule. The Court will not bifurcate the motion into obstacle preemption and impossibility preemption, and discovery relevant to both topics will be permitted during Phase I.

## V.     Conclusion

Defendant's Motion for Order Requiring Plaintiffs to Comply With Federal Rule of Civil Procedure 56(d) (Doc. 161) is DENIED.

Defendant's Motion for Leave to Supplement the Record Regarding its Motion for Summary Judgment Based on Federal Preemption (Doc. 173) is GRANTED. Rather than supplement the record, Defendant shall file an amended motion for summary judgment incorporating the new evidence and any related arguments. The Court will enter Case Management Order #2 setting forth amended Phase I deadlines.

Plaintiffs' Motion to Compel (Doc. 64) and Defendant's Motion for Protective Order (Doc. 124) remain pending before Judge Wilson.

**SO ORDERED this 28th day of March, 2017.**

**TERENCE KERN**
**United States District Judge**