**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | ) | |
|---|---|---|
| In re: Genentech, Inc., Herceptin | ) | MDL Docket No. 16-MD-2700 |
| (Trastuzumab) Marketing and Sales | ) | |
| Practices Litigation | ) | Document Relates to: |
| | ) | **All Cases** |
| | ) | |

**PLAINTIFFS' MOTION TO COMPEL GENENTECH**
**TO COMPLY WITH THE COURT'S JUNE 16, 2017 ORDER**

In an Order entered on June 16, 2017 (the "Order," Dkt. #227), the Court instructed Genentech to "'identify all current employees and two former employees with substantive knowledge'" regarding four categories of information identified in the Court's May 8, 2017 Order (Dkt. #207). Order at 1. The Court ordered Genentech to provide this information to Plaintiffs by July 6, 2017, or, in the alternative, "file an affidavit with the Court explaining what efforts were made to comply" with the Order. *Id.* From the date of the Order until the time of this filing, Genentech has identified only *one* additional current employee as having substantive knowledge regarding only *one* of the four categories. For that category, Genentech did not identify *any* former employees with substantive knowledge. Further, Genentech did not file an affidavit with the Court explaining the efforts it undertook to comply with the Order. Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs ask the Court to enter an order requiring Genentech to comply with the June 16, 2017 Order and awarding Plaintiffs their attorneys' fees incurred in seeking compliance with that Order.

**BACKGROUND**

Since at least October 2015, Plaintiffs have sought information from Genentech regarding the identities of individuals with knowledge relevant to this case. On October 9, 2015, Plaintiffs

1

{1713587;4}

served discovery requests on Genentech, including Interrogatory No. 2, which asked Genentech to identify individuals with knowledge regarding certain matters, including the "Herceptin label and Prescribing Information" and the "FDA approval of Herceptin, its label, and its Prescribing Information." Dkt. #29-6 at 16-17. Interrogatory No. 10 sought the identities of "all persons who helped prepare each change to the Herceptin label and Prescribing Information . . . ." *Id*. at 18. Genentech provided no names in response to either interrogatory but instead stated that "its investigation is continuing and it will supplement this response as its investigation proceeds." Dkt. #29-2 at 10, 14.

On June 24, 2016, one day after this Court limited discovery to Genentech's preemption defense, Plaintiffs' counsel asked Genentech's counsel to provide responses to prior discovery requests relevant to preemption, including the portions of the two interrogatories referenced above. Dkt. #29-2 at 2-3. On June 28, 2016, Plaintiffs served their First Set of Discovery Requests Regarding Preemption, which included as Interrogatory No. 11 a request to identify "all persons and/or entities who have determined the concentration of the reconstituted Herceptin solution in any vial of the drug." Dkt. #29-3 at 7.

Genentech objected to all of these requests, refusing to identify *any* individuals with knowledge on those subjects. Dkt. #29-4 at 5-6, 7; Dkt. #29-5 at 12. Plaintiffs moved to compel Genentech to respond to these and other discovery requests. Dkt. #29. At a hearing in August 2016, Genentech's counsel admitted it had identified "up to 50 individuals who may have substantive knowledge" and "determined that about half of those are no longer with the company." Aug. 26, 2016 Hr'g Tr. at 9:2-7. In September 2016, shortly after Plaintiffs filed their Motion to Compel, Genentech identified ten of its current employees who it claimed were most likely to have relevant information regarding the categories identified in the 2015 interrogatories.

In an order entered on May 8, 2017 (the "May 8 Order," Dkt. # 207), the Court partially granted Plaintiffs' motion to compel with respect to the interrogatories, ordering Genentech to "make efforts to identify all current employees and the two former employees who are most likely to have relevant information." Dkt. #207 at 14. On May 31, 2017, Genentech identified five more current Genentech employees whom it deemed most likely to have information on the topics described in the interrogatories.

Following its review of the Parties' Second Joint Submission Regarding Preemption Discovery ("SJS," Dkt. #223), the Court entered the June 16, 2017 Order (Dkt. #227). The Court noted:

> Based on review of the SJS and exhibits thereto, it appears Defendant has failed to provide documents or answer interrogatories regarding (1) its internal structure, or (2) the job titles of individuals involved with the manufacturing and labeling of Herceptin at relevant times. Further, at the time of filing the SJS, Defendant had failed to provide the name of even one former employee.

Order at 1. The Order instructed Genentech to "'*identify all current employees and two former employees with substantive knowledge*, including all 50 individuals identified in August 2016.'"

Order at 1 (emphasis added). The Court noted:

> The Court expressly amends its prior Order (Doc. 207) with respect to former employees. In addition to identifying the two former employees most likely to have relevant information regarding each of the four categories set forth at page 10 of the [Second Joint Submission], Defendant is also ordered to identify the approximately fifty employees (current and former) referenced by Defendant's counsel at the August 26, 2016 hearing.

Order at 2. The Court required Genentech to produce the answers within 20 days, or by July 6, 2017, and held that "[i]f Defendant is unable to produce *any* of the above, it shall file an affidavit with the Court explaining what efforts were made to comply no later than twenty days from the date of this Order." Order at 2 (emphasis in original). Finally, the Court noted that, "[i]f disputes

3

{1713587;4}

arise regarding the meaning or scope of this Order, the parties may jointly call Judge Kern's chambers prepared to explain the nature of the dispute." *Id.*

During a meet-and-confer teleconference on June 22, 2017, the parties discussed the Order's requirement that Genentech identify "all current employees . . . with substantive knowledge." The parties disagreed as to the scope of the provision. Plaintiffs interpreted it to mean what it said, *i.e.,* that Genentech should identify all current employees with substantive knowledge. Genentech argued it should only be required to identify those current employees most likely to have relevant information regarding the interrogatory subjects. Although Plaintiffs' counsel indicated a willingness to discuss the issue further and to jointly call the Court for clarification, if necessary, Genentech did not raise the issue again prior to the July 6 deadline.

Genentech's counsel subsequently sent a letter to Plaintiffs' counsel listing the "'approximately fifty employees (current and former) referenced by Defendant's counsel at the August 26, 2016 hearing.'" June 26, 2017 Letter from Donahue to Keglovits at 1 (quoting Order), Exhibit 1. Genentech's counsel wrote, "Genentech has never, and does not now, represent or warrant that each of these individuals has substantive knowledge about issues relevant to Genentech's preemption defenses." *Id.*

On July 5, 2017, Genentech's counsel sent a second letter to Plaintiffs' counsel, "supplement[ing]" Genentech's answers to the interrogatories identified above. July 5, 2017 Letter from Donahue to Keglovits, Exhibit 2. The unverified "supplement" identifies three "former employees" and ***no current employees*** in response to Interrogatories 2(c), 2(d), and 10. *Id.* at 1-2. In its supplemental response to Interrogatory No. 11, Genentech identifies only two "current employees," one of whom (Xanthe Lam) was previously disclosed. *Id.* at 3. With respect to each of the four interrogatories, Genentech indicates its "investigation is ongoing and it will

4

{1713587;4}

supplement its response to this interrogatory if warranted." *Id.* at 1-3.  Genentech did not file an affidavit with the Court explaining the efforts it made to comply with the Court's Order by July 6, 2017.

Plaintiffs informed Genentech of these deficiencies in a July 11, 2017 letter.  Exhibit 3. Genentech responded in a July 14, 2017 letter.  Exhibit 4.  Genentech does not contend it identified all current employees with substantive knowledge.  Instead, it argues it "has met its basic discovery obligations by identifying a total of 19 current and former employees *most likely to have relevant information* regarding the interrogatories referenced in the May 8 Order."  *Id.* at 3 (emphasis added).  With no further discussion of the language of the Order, Genentech states its belief that "it has complied with the Court's June 16 Order, as Genentech understands that Order."  *Id.*

## ARGUMENT

### I. Genentech Failed To Identify All Current Employees With Substantive Knowledge.

In the June 16 Order, the Court clearly instructed Genentech to identify "all current employees . . . with substantive knowledge" regarding the four subjects identified in Plaintiffs' interrogatories or else file an affidavit detailing the steps taken to comply with that requirement. Since that date, Genentech has only (1) provided the list of roughly 50 current and former employees Genentech referenced in the August 2016 hearing, and (2) "supplement[ed]" its interrogatory responses with the names of six people, only one of whom is a current employee not previously disclosed.  Neither is sufficient to comply with the Order.

Production of the list did not satisfy Genentech's obligation to identify all current employees with substantive knowledge.  Far from stating that the list contains the names of all current employees with substantive knowledge, Genentech actually *disclaims* any such representation.  *See* Exhibit 1 at 1 ("Genentech has never, and does not now, represent or warrant that each of these individuals has substantive knowledge about issues relevant to Genentech's

5

{1713587;4}

preemption defenses."). The list cannot serve as proof that Genentech complied with that requirement of the June 16 Order.

Similarly, the "supplemental" interrogatory responses do not purport to identify all current employees with substantive knowledge. Genentech merely identifies two individuals with knowledge regarding each of the four categories. Although the Order permitted Genentech to name only two *former* employees with substantive knowledge regarding each category, it did not impose any limit on the number of *current* employees to be identified. Instead, it required Genentech to identify "*all* current employees" with such knowledge. Order at 1 (emphasis added). Genentech does not suggest the two current employees identified as knowledgeable regarding Interrogatory 11 are the only current employees (other than the other 14 previously identified) who have substantive knowledge regarding any of the four categories. It defies credulity to suggest that only 16 current Genentech employees have substantive knowledge regarding these issues that span two decades.

In fact, in its July 14, 2017 letter, Genentech concedes it has identified fewer than 20 current and former employees who are "most likely to have relevant information" regarding the interrogatory topics. Exhibit 4 at 3. But the June 16 Order did not direct Genentech to identify only those current employees it deemed to be "most likely to have relevant information." It required Genentech to identify "all current employees . . . with substantive knowledge." If Genentech did not believe the Court intended to require this broader disclosure, it should have accepted the Court's invitation to call the Court to clarify the Order. Instead, Genentech unilaterally determined it was not required to comply with the clear language of the Order and intentionally chose not to comply with that portion of the Order. Genentech has unquestionably

{1713587;4}

failed to comply with the Court's Order to identify all current employees with substantive knowledge.

## II. Genentech Did Not Comply With Its Obligation To Identify Two Former Employees With Substantive Knowledge Regarding Each Of The Four Categories.

The Order also required Genentech to identify the "two former employees most likely to have relevant information regarding each of the four categories . . . ." Order at 1. Yet, for Interrogatory No. 11, Genentech—again unilaterally and without explanation—determined it was not required to identify any former employees. Instead, it identified two current employees, one of whom had previously been disclosed as a person with knowledge on that issue. This was also a clear failure to comply with the June 16 Order.

## III. Genentech Did Not File The Affidavit Required By The Court.

Recognizing that Genentech might not be able to fully comply with the June 16 Order by the July 6 deadline, the Court ordered Genentech, in that event, to file an affidavit detailing its efforts to comply with the Order. Order at 2. Genentech has not provided the required affidavit to the Court.[1] Given Genentech's continued failure to answer very basic questions regarding the identities of employees with substantive knowledge, the Court and Plaintiffs are entitled to know what steps, if any, Genentech has taken to find this information. For example:

- Has Genentech sent an email to employees working on Herceptin to ask if they have substantive knowledge?

- Has Genentech reviewed employee custodial files to identify individuals with substantive knowledge?

---

[1] On July 6, 2017, Genentech filed a "Submission Relating To The Production of Organizational Charts." Dkt. #231. But that Submission is not an affidavit and it does not discuss Genentech's efforts to comply with the Court's Order to identify current and former employees. Notably, Genentech's Submission also avoids providing specific dates, names or titles of the employees who told Genentech's counsel that no historical organizational charts existed when, in fact, hundreds of historical organizational charts did exist.

7

{1713587;4}

- Has Genentech conducted employee interviews and asked the 16 identified current employees to refer them to others with substantive knowledge?

- Has Genentech reviewed Plaintiffs' list of 400 individuals identified in Genentech documents and concluded the vast majority do not have substantive knowledge?

- Did Genentech at least talk to the employees identified on its August 2016 list to ask if they have substantive knowledge?

- Even without the ability to talk to Genentech's employees, Plaintiffs know that Mason Shih, Catherine Lai, Eric Bonierbale, and Martin Morissey attended an October 2014 meeting with the FDA regarding relevant subjects. Has Genentech talked to those employees and decided they do not have substantive knowledge?

Plaintiffs—and more importantly, the Court—have no idea whether Genentech has made a diligent and reasonable investigation to identify individuals with substantive knowledge.

## CONCLUSION

In a typical civil action, interrogatories seeking the identities of individuals with relevant knowledge are standard fare and rarely subject to dispute. This is not a typical case. Genentech seems determined to identify as few individuals as possible as having substantive knowledge regarding the issues that Genentech decided to address first in this case. The Court's June 16 Order did not cause Genentech to alter this strategy. Genentech opted instead to modify the Order and limit its disclosure based on criteria found nowhere in the Order itself.

Genentech's purposeful delay in identifying relevant individuals contributes to the broader discovery delays in this case. Although the Court clearly ordered Genentech to search custodial files in the May 8 Order, it is unclear whether Genentech has collected any custodial files other than those of the few individuals it has identified as "most likely to have relevant information." Genentech's resistance to the Court's Order to identify a broader group of individuals with substantive knowledge may, instead, be an attempt to impose an artificial limitation on the number of custodial files it believes it is required to search under the Court's May 8 Order. Genentech may hope it can avoid production of relevant and responsive documents merely by failing to

8

{1713587;4}

include the authors and recipients of those documents among those "most likely to have relevant information." The Court should reject Genentech's attempts to limit discovery in this way and enforce the requirements of the Court's prior orders.

Plaintiffs respectfully ask that the Court enter an order enforcing the June 16 Order and requiring Genentech (again) to (1) provide a full list of all current employee with substantive knowledge regarding the four categories of information set forth at page 10 of the SJS, (2) identify the two former employees most likely to have relevant information regarding the subject matter identified in Interrogatory No. 11, and (3) submit an affidavit describing the steps it has taken to identify individuals with substantive knowledge. Plaintiffs also ask that the Court award Plaintiffs their reasonable attorneys' fees and costs incurred in connection with seeking Genentech's compliance with the June 16 Order, including the fees and costs relating to this motion.

Respectfully submitted,

*/s/ David E. Keglovits*
David E. Keglovits, OBA #14259
Steven J. Adams, OBA #142
Amelia A. Fogleman, OBA #16221
Adam C. Doverspike, OBA #22548
James Wesley Scott Pebsworth, OBA #30900
**GABLEGOTWALS**
1100 ONEOK PLAZA
100 West 5th Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone (918) 595-4800
Facsimile (918) 595-4990
dkeglovits@gablelaw.com
sadams@gablelaw.com
afogleman@gablelaw.com
adoverspike@gablelaw.com
wpebsworth@gablelaw.com
*Attorneys for Plaintiffs*

9

{1713587;4}

## CERTIFICATE OF SERVICE

    I hereby certify that on the 14th day of July, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System for filing as required in the Court's Practice and Procedure Order (MDL Doc. #6 at ¶ 5).

                                        */s/ David E. Keglovits*
                                        David E. Keglovits

{1713587;4}