IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: GENENTECH HERCEPTIN ) | |
| (TRASTUZUMAB) MARKETING ) | MDL DOCKET NO. 16-MD-2700 |
| AND SALES PRACTICES ) | ALL CASES |
| LITIGATION ) | |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion to Compel ("Motion to Compel") (Doc. 233); Plaintiffs' Supplement to the Parties' Second Joint Submission Regarding Preemption Discovery ("Unilateral Supplement") (Doc. 237); Defendant's Motion to Strike Plaintiffs' Supplement ("Motion to Strike") (Doc. 238); and Plaintiffs' Motion for Hearing on all issues (Doc. 241), as requested most recently in their response to the Motion to Strike.

Also before the Court are issues raised in the Parties' Second Joint Submission Regarding Preemption Discovery ("SJS") (Doc. 223) that the Court did not address in its June 16, 2017 Order ("6/16 Order"). (*See* Doc. 227 ("There are other disputed issues raised in the SJS. Because production of the information set forth in this Opinion and Order and/or Defendant's affidavit explaining its efforts will impact the Court's ruling on other disputed issues, the Court defers ruling on other issues.").)

**I.   Motion to Compel**

   **A.   "With Substantive Knowledge" Dispute**

The primary dispute raised by the Motion to Compel is the meaning of the following language in the Court's 6/16 Order:

> Defendant is ordered to comply with the following request by Plaintiff: 'Genentech must identify all current employees and two former employees with substantive knowledge, including all 50 individuals identified in August 2016.' (SJS at 29.) The Court expressly amends its prior Order (Doc. 207) with respect to former employees. In addition to identifying the two former employees most likely to have relevant information regarding each of the four categories set forth at page 10 of the SJS,

> Defendant is also ordered to identify the approximately fifty employees (current and former) referenced by Defendant's counsel at the August 26, 2016 hearing. (*See* 8/26/16 Hr'g Tr. 9:2-7.)

(Doc. 227 at 1-2.)

Defendant is correct as to the Court's intention. The Court's intent was simply to force Defendant to identify – in addition to those current and former employees compelled by the May 8, 2017 Order ("5/8 Order") – the employees that had been previously identified by Defendant's counsel at the prior discovery hearing. The Court did not intend to change the "most likely to have relevant information" standard (which was repeated four times in the 5/8 Order) to the "with substantive knowledge" standard. Further, Defendant is correct that the Court was referring to individuals most likely to have relevant information of the four interrogatory subjects, rather than some broader meaning. Plaintiffs understandably seized upon this language as potentially broadening the 5/8 Order; however, the Court's intent was substantially more limited and in line with Defendant's interpretation. Accordingly, this aspect of the Motion to Compel is denied.[1]

Both sides had a legitimate position regarding the meaning of this language. Had the parties jointly called the Court (as expressly invited by the 6/16 Order) as soon as they realized the dispute, *i.e.*, following their June 22, 2017 meet and confer, this issue could have been resolved that day.

---

[1] This original narrowing of Plaintiffs' request was in accordance with the Court's view of the discovery needs at this stage of the case. It was intended to give Defendant meaningful parameters for identification of key employees so that delays would cease, custodial files for these employees would be searched and produced expeditiously, and depositions of key individuals could occur within the Phase I deadline. Defendant has not proceeded at the pace expected by the Court and has apparently only produced documents associated with two individuals.

## B. Interrogatory No. 11

Defendant was compelled to identify all current employees and two former employees most likely to have relevant information regarding this interrogatory. Defendant has only identified two current employees and no former employees. Defendant contends that the two current employees it has identified are the ones most likely to have relevant information and that "it is inherently reasonable to identify them rather than searching further to try to identify less knowledgeable former employees." (Resp. to Mot. to Compel 11.)

The Court ordered identification of all current and two former employees; Defendant may not choose between these two categories. The Court limited Defendant's inquiry and obligation to two former employees, which should not be a difficult or overwhelming task. Plaintiffs' Motion to Compel is granted as to this point. If Defendant contends there are no former employees who have relevant information as to Interrogatory No. 11, Defendant shall represent that in writing to Plaintiffs. Even if the two former employees ultimately identified are only marginally likely to have relevant information (in Defendant's view), they must still be identified as the two former employees most likely to have relevant information.

## C. Affidavit

The Court agrees with Defendant that no affidavit was required under the circumstances because Defendant complied with the Court's 6/16 Order or had a good-faith basis for believing it complied with the Court's 6/16 Order. Plaintiffs' Motion to Compel is denied as to this point.

## II. Unilateral Supplement/Motion to Strike

The Unilateral Supplement essentially provides an update on outstanding issues (from Plaintiffs' perspective) and requests updated forms of relief, including an August 25, 2017 deadline

for outstanding discovery. Defendant moved to strike this supplement as procedurally flawed, arguing that Plaintiffs are seeking new forms of relief without meeting to confer or affording Defendant an opportunity to respond. Although a unilateral supplement to a Court-ordered joint submission is improper, the Court finds that the Unilateral Supplement does not result in substantial prejudice if Defendant is provided an opportunity to respond. Accordingly, the Motion to Strike (Doc. 238) is denied, and Defendant shall be given an opportunity to file a response to issues raised in the Unilateral Supplement.

### III. Conclusion

Plaintiffs' Motion to Compel (Doc. 233) is DENIED in part and GRANTED in part as set forth herein. Defendant's Motion to Strike (Doc. 238) is DENIED. Defendant shall file a response to issues raised in the Unilateral Supplement no later than Tuesday, August 22, 2017. The response shall not exceed ten pages in length, and no reply shall be permitted.

Plaintiffs' Motion for Hearing (Doc. 241) is DENIED. The Court will rule on all outstanding issues, including those remaining from the SJS and the Unilateral Submission, by written Order. Defendant is ordered to continue compliance with the Court's 5/8 Order and 6/16 Order and to expedite its efforts. The Court is mindful of the upcoming discovery deadline, Plaintiffs' desire to keep that deadline, and Plaintiffs' position that Defendant's current pace of document production will not allow Plaintiffs to do. The Court has every intention of imposing deadlines for completion of production but will permit a written response from Defendant before doing so.

**SO ORDERED this 17th day of August, 2017.**

_____
**TERENCE KERN**
**United States District Judge**