**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: GENENTECH HERCEPTIN ) | |
| (TRASTUZUMAB) MARKETING ) | MDL DOCKET NO. 16-MD-2700 |
| AND SALES PRACTICES ) | ALL CASES |
| LITIGATION ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Compel Non-Party Patheon Manufacturing Services, LLC to Comply With Subpoena Duces Tecum (Doc. 243).

### I. Background

Plaintiffs served Patheon Manufacturing Services, LLC ("Patheon") with a Subpoena Duces Tecum ("Subpoena") on September 2, 2016. On August 26, 2016, prior to Plaintiffs serving the Subpoena, United States Magistrate Judge Lane Wilson told Plaintiffs to "go ahead and serve" certain third-party subpoenas but that if Defendant sought to quash the subpoenas, Plaintiffs should "notify the third parties that they shouldn't actually produce any documents until there's been a ruling from the court." (Doc. 119 at 16:11-17:6.)

On September 7, 2016, Plaintiffs informed Patheon via letter of Defendant's objection to the subpoenas and instructed Patheon not to produce any documents until the court ruled on Genentech's motion to quash. Patheon contends it interpreted this letter to mean that it need not produce the documents *or* file written objections within fourteen days of after service of the Subpoena, as ordinarily required by Federal Rule of Civil Procedure 45(d)(2)(B) ("Rule 45(d)(2)(B)"). Plaintiffs contend their letter to Patheon did not "toll" the objection period and merely instructed Patheon to refrain from production at that time. Other third parties that received the same September 7, 2016 letter from Plaintiffs served timely objections to the subpoenas.

On May 8, 2017, the Court ruled on pending discovery motions, including Defendant's Motion for Protective Order related to the Subpoena issued to Patheon ("5/8 Order"). The Court denied Defendant's Motion for Protective Order and held that the requested documents from Patheon were relevant to impossibility preemption, and were not overly broad or burdensome with the addition of language limiting production to documents relating to Herceptin. (Doc. 207 at 16.)

On May 17, 2017, after the Court unsealed the May 8, 2017 Order, Plaintiffs sent a letter by certified mail to Patheon's service agent informing it that the Court denied Defendant's Motion for Protective Order and requesting that it produce the required documents by June 10, 2017. On June 20, 2017, Plaintiffs' counsel received a call from Patheon's outside counsel, and Plaintiffs provided Patheon's counsel with the Court's 5/8 Order and other relevant documents. On June 26, 2017, Patheon stated its position via letter that the fourteen-day objection period "began running on the date Patheon received formal notice of the Court's denial of the Motion for a Protective Order." (Doc 243-2.)

On July 21, 2017, Patheon responded to the Subpoena by: (1) producing 987 pages in response to Requests One through Three, with portions redacted; and (2) objecting to Request Four on grounds that the requested documents are readily obtainable from Defendant. On August 15, 2017, Plaintiffs filed the instant Motion to Compel, requesting that the Court compel Patheon to: (1) produce unredacted versions of all documents previously produced; and (2) produce documents in response to Request Four.

## II.     Objection to Request Four

The Court finds Patheon's objection to Request Four to be untimely and therefore waived. Neither Judge Wilson's statement at the August 2016 hearing nor Plaintiffs' letter to Patheon indicated that there would be a tolling of the Rule 45(d)(2)(B) objection period until the Court ruled on Defendant's Motion for Protective Order. Other third parties timely submitted objections.

Further, Patheon's objections were untimely even under its own deadline set forth in Patheon's letter to Plaintiffs dated June 26, 2017. The Court finds that such letter, which used the phrase "began running," intended June 20, 2017 as the trigger date for its fourteen-day clock, not some date in the future. The Court finds Patheon's subsequent assertion that its objection period began to run on July 14, 2017, when it first received the Court's Order from its service agent, to be inconsistent with this prior communication. Therefore, the Court finds Patheon failed to object to Request Four in a timely manner.

Even assuming Patheon's objection to Request Four was timely, it would be overruled. This Court has already determined that the Subpoena was not overly broad or burdensome. The Court further finds that the discovery is not unreasonably cumulative with requests to Defendant or necessarily obtainable from Defendant. *See* Fed. R. Civ. P. 26(b)(2)(c)(I). Plaintiffs have made an adequate showing that Defendant's production may not include all responsive communications with Patheon due in part to Defendant's automatic e-mail deletion policy. According to Plaintiffs, Defendant has produced only nineteen emails that appear to be communications with Patheon. Due to the relevance of these communications and the role Patheon played in production of the drug product, it is not unreasonable for Plaintiffs to make duplicate requests in order to maximize Plaintiffs' opportunity to receive all responsive communications. Request Four is properly limited in scope to two topics, and the Court finds the seven-year duration of Defendant and Patheon's relationship to be a reasonable temporal limitation in this case.

The Court further observes that Patheon is not a distant third party to this litigation; Patheon manufactures the Herceptin drug product for Genentech. Patheon and Defendant have been collaborating on redactions to documents and other discovery issues. The Court therefore has less concern about imposing an undue burden on a third party than it might in other cases. *See Phillip*

3

*M. Adams & Assoc., L.L.C. v. Fujitsu Ltd.*, No. 1:05-CV-64 TS, 2010 WL 1064429, *4 (D. Utah Mar. 18, 2010) (recognizing that "[w]hat constitutes an undue burden in a given instance is a case specific inquiry," and the "relationship of the nonparty to the parties" is one factor to be considered).

## III.    Redactions

Patheon relies upon the Stipulation and Order Regarding the Production of Electronically Stored Information and Hard Copy Documents ("Stipulation") (Doc. 142) as grounds for the substantial redaction of its produced documents. The opening portion of the Stipulation provides that it "governs the production of ESI and hard copy documents . . . and specifies the form **in which both parties and non-parties** shall be required to produce Documents for use in the above-captioned case . . . ." (Doc. 142) (emphasis added). Paragraph I(E) of the Stipulation provides:

> **The parties** may use redactions to protect attorney-client privilege, attorney work-product, any other applicable privilege or immunity, protected health information, other personal information, **and non-responsive information regarding other unrelated products**.

(Doc. 142 (emphasis added).) Patheon contends that the Stipulation applies to production by a non-party and that its redactions are proper pursuant to Paragraph 1(E) to protect "non-responsive information regarding other unrelated products." Plaintiffs contend that: (1) Paragraph 1(E) applies only to productions by parties to the litigation; (2) Patheon appears to have redacted responsive information; and (3) the redactions, even assuming they are permissible, are not in the form required by the Stipulation because they are not clearly indicated on the face of the document.

First, the Court agrees with Patheon that the Stipulation applies to its production as a non-party, such that it is permitted to redact documents consistent with Paragraph I(E). Use of the word "parties" in Paragraph 1(E) must be read in conjunction with the opening paragraph of the Stipulation. The Court does not interpret Paragraph 1(E)'s use of the word "parties" to narrow the overall scope of the Stipulation solely for purposes of redactions.

Second, with respect to whether Patheon has made impermissible redactions of responsive information, the Court has only one redacted document before it – the Master Toll-manufacturing Agreement. The Court finds it unnecessary to resolve whether these redactions by Patheon are proper because Defendant produced the same document. The redaction issues are better resolved between Plaintiffs and Defendant, and the Court finds no reason for Patheon to be involved in further litigation of these issues at this time.[1]

Finally, with respect to the form of Patheon's redactions, the Court agrees with Plaintiffs that the redactions do not satisfy the Stipulation's requirement that redactions be clearly evident from the face of the document. Patheon shall show redactions in future productions in a manner similar to Defendant's redaction method. For past productions, Plaintiffs may request that Patheon more clearly show its redactions on any documents for which Plaintiffs have concerns.

## IV. Conclusion

Plaintiffs' Motion to Compel Non-Party Patheon to Comply with Subpoena Duces Tecum (Doc. 243) is GRANTED in part and DENIED in part. It is granted as to Request Four and as to the form of Patheon's redactions. With respect to the challenged redactions, this issue is better resolved between the parties to the litigation, and Patheon need not produce unredacted documents at this time.

**SO ORDERED this 12th day of September, 2017.**

**TERENCE KERN**
**United States District Judge**

---

[1] In an Order addressing disputes between Plaintiffs and Defendant, the Court has developed a procedure for reviewing the documents and ruling on the redaction questions.