IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: GENENTECH HERCEPTIN (TRASTUZUMAB) MARKETING AND SALES PRACTICES LITIGATION | ) ) ) ) | MDL DOCKET NO. 16-MD-2700 ALL CASES |

**OPINION AND ORDER**

United States District Judge Terence Kern issued several written discovery rulings between the time of United States Magistrate Judge Lane Wilson's resignation and the undersigned's appointment. On September 12, 2017, Judge Kern expressed his view that his most recent discovery ruling would "necessitate a significant extension of the current deadlines." ECF No. 263 at 6. Judge Kern ordered the parties to meet and confer regarding scheduling and, if they could not agree, submit separate briefs regarding their proposed amended deadlines. The parties could not agree and submitted their proposals. ECF Nos. 266, 267. Judge Kern referred these submissions to the undersigned for the purpose of entering an amended schedule governing the remainder of Phase I. The undersigned heard oral argument, ordered supplemental briefing on Plaintiffs' proposed interim deadlines, and took all scheduling issues under advisement.

**I.     Extension of Phase I Schedule**

Plaintiffs requested that Defendant complete its written document production by November 22, 2017, while Defendant requested six months from the date of entry of the new schedule. The Court accepts Defendant's representation that it needs six additional months to complete production but will start these six months from the date Defendant filed its proposed schedule on September 22, 2017. Therefore, Defendant shall have until March 23, 2018, to complete its written document production.

The Court adopts Defendant's proposal for five reasons. First, the Court finds that Defendant has proceeded at a reasonable pace of production from the time it received Judge Kern's May 8, 2017, Order until the present. With respect to the most recent production ordered by Judge Kern on September 12, 2017, Defendant submitted a chart showing the collection status for all new custodians. Defendant represented that it has fifty lawyers working considerable hours to review the documents for privilege and compliance with privacy laws. Although Defendant has elected a time-consuming production method, the Court will not force any change in production methodology at this late stage of Phase I discovery.

Second, Defendant's proposed time for production of the additional custodial files is commensurate with its reasonable production pace for the custodial files already produced. Plaintiffs argue that the newly added custodial files should take less time because they are presumably individuals with less knowledge. Even assuming this is true, the Court is not persuaded that having less knowledge results in fewer loaded documents, fewer search hits, or reduced review time for each custodian.

Third, the Court interprets Judge Kern's September 12, 2017, Order as giving Defendant the option of producing all of the custodial files requested by Plaintiff or negotiating a reduced number with Plaintiffs. *See* ECF No. 263 at 3. Defendant opted to produce all of the compelled files. Plaintiffs will reap the benefit of receiving all its requested custodial files but must also bear the consequence of added time to complete production.

Fourth, the Court's primary objective is to set a realistic schedule that builds in adequate time for the remaining production. Plaintiffs urge the Court to discount Defendant's representations regarding time needed based on Defendant's past secrecy and

inaccurate statements. Plaintiffs are correct that: (1) either Defendant or Defendant's counsel provided misinformation regarding organizational charts; (2) Defendant refused to reveal the universe of databases it was searching until Judge Kern ordered it to do so; and (3) Defendant's motion for summary judgment on the issue of federal preemption necessitated substantially more discovery than Defendant originally represented at the case management conference, leading to unanticipated delays in Phase I. However, the Court finds that Defendant's current estimate of time needed is reasonable and not made for the purpose of delay. Further, setting a truncated schedule that punishes Defendant for past discovery delays does not further the Court's objective of completing Phase I without further extensions. Judge Kern expressed his desire to consider Defendant's preemption motion "based on a fair and complete evidentiary record rather than on Defendant's version of scientific and other evidence," ECF No. 207 at 6, and stated that "there is benefit to permitting Plaintiffs expansive discovery in Phase I," ECF No. 263 at 2. Plaintiffs successfully argued for this expansive discovery, and the Court will permit Defendant reasonable time to comply with Judge Kern's Orders.

Finally, this schedule permits time for the Court to resolve potential disputes regarding privilege logs, sources of documents, and other issues forecasted at the hearing. While the Court is hopeful the parties will resolve most issues, it is prudent to build in time for the Court's consideration of disputes. Accordingly, the Court will permit Defendant until March 23, 2018, to complete its written production and will enter Case Management Order # 3 ("CMO #3") immediately following entry of this Opinion and Order.

## II. Interim Deadlines

As reflected in CMO #3, the Court grants Plaintiffs' request for interim deadlines, including deadlines for specific custodians. As explained above, the Court's overarching aim is orderly production that enables Plaintiffs to complete a focused review of documents, complete depositions by the discovery deadline, and prepare its response to the motion. Specific interim deadlines serve that goal. Although two first-priority custodians now reside in foreign countries, the Court has permitted adequate time for Defendant to resolve these issues and meet the deadline. If Defendant determines it cannot comply with any interim deadlines, it must schedule a conference call with Plaintiffs and the Court prior to the deadline. Defendant shall be prepared to explain the reasons and the additional time needed.

## III. Expert Rebuttal Declarations

Defendant requests that the Court include language in CMO #3 permitting it to file any expert rebuttal declarations in its reply brief. Plaintiff objects, arguing that Defendant should not be permitted to "modify [its prior] approach to briefing, particularly in a manner that places plaintiffs at a complete disadvantage." ECF No. 266 at n.1. As stated at the hearing, the Court directs Defendant to raise this issue by separate motion, which may or may not be referred at a later time. The Court does not consider this a "scheduling" issue, the arguments were buried in footnotes in the parties' scheduling submissions, and it is not clear Judge Kern intended to refer this question.

## IV. Going-Forward Concerns

The parties are attempting to resolve issues related to: (1) the Standard Operating Procedures database and paper files; (2) privileges asserted by Defendant in conjunction with Defendant's Production 21; and (3) the current ESI protocol's 60-day allowance for asserting

4

privilege following a production. Any disputes regarding these three issues, or other issues currently known, shall be raised by written motion no later than one week from the date of this Order.

**SO ORDERED** this 19th day of October, 2017.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT