**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: GENENTECH HERCEPTIN (TRASTUZUMAB) MARKETING AND SALES PRACTICES LITIGATION ) ) ) ) ) | MDL DOCKET NO. 16-MD-2700 ALL CASES |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Leave to Submit Rebuttal Expert Testimony ("Rebuttal Expert Motion") (Doc. 294).

**I.  Background**

On October 10, 2017, Magistrate Judge Jayne conducted a scheduling conference to set the remaining deadlines for Phase I discovery and briefing on Defendant's Amended Motion for Summary Judgment Based on Preemption ("Preemption Motion") (Docs. 200/201).  She informed Defendant that the issue of any proposed rebuttal expert affidavit was outside the scope of the referred scheduling issues and directed Defendant to file a separate motion before this Court.  Judge Jayne proceeded to conduct oral argument on the rebuttal expert issue, either for her benefit in the event of referral or for this Court's benefit.  On October 19, 2017, Judge Jayne issued Case Management Order #3 (Doc. 278).

In its Rebuttal Expert Motion, Defendant requests that Case Management Order #3 be modified to add the following events: (1) depositions of Plaintiffs' expert(s) by May 22, 2018; (2) Defendant's rebuttal expert report(s) by June 1, 2018; and (3) depositions of Defendant's rebuttal expert(s) by June 15, 2018.  The proposed additional deadlines would take place after Plaintiffs have provided expert report(s) but before the proposed deadlines for response and reply briefs.  Defendant's proposal would effectively extend Phase I by approximately five weeks.

## II. Analysis

Defendant contends it should have an opportunity to rebut any expert testimony submitted by Plaintiffs in connection with the Preemption Motion because Defendant bears the burden of proof on summary judgment and Defendant's expert did not have the benefit of discovery that has taken place since Defendant filed its Preemption Motion. Defendant suggests that the designation of rebuttal expert testimony is standard procedure under Federal Rule of Civil Procedure 26(a)(2)(D)(ii) ("Rule 26(a)(2)(D)(ii)"). However, Rule 26(a)(2)(D) sets requirements for disclosure of expert written reports and testimony to be introduced at trial, not expert testimony submitted in connection with a motion under Federal Rule of Civil Procedure 56. None of the case management orders issued to date has provided for rebuttal expert testimony, and Defendant has not shown that the rule entitles it to a rebuttal opportunity here. To the contrary, prior to the case management conference in June of 2016, Defendant stated that "Genentech is prepared to submit its early motion for summary judgment, *including all supporting evidence*, within 60 days of entry of a CMO for these MDL proceedings." (Doc. 303-5, at 2 (emphasis added).) Thus, the parties' actions to date do not suggest they anticipated a need for rebuttal expert testimony as part of Phase I.

Defendant contends it only recently learned that Plaintiffs planned to submit one or more expert declarations in support of their response to the Preemption Motion. However, the Court finds Defendant's claim of surprise implausible; Defendant acknowledges that it was aware that Plaintiffs may consult with an expert, and the record is replete with indications that Plaintiffs intend to rely on experts in responding to Defendant's preemption argument. To the extent that Defendant's expert had limited information because discovery had not been completed, that is partly a result of Defendant's own decision to file an early motion for summary judgment, as Judge Jayne noted in the October 10 hearing. (*See* Doc. 274, Tr. of Oct. 10, 2017 Hr'g, at 43:19-20.) Finally, the Court

2

notes that no specific prejudice to Defendant can be identified at this stage because Plaintiffs have not submitted expert reports and are not required to do so for several months under the current schedule.

Accordingly, the Court finds that Defendants have not justified the need for their requested changes to Case Management Order #3. The Court will not grant leave at this time for Defendant to submit rebuttal expert testimony. Defendant may file a motion after receiving any report of Plaintiff's expert(s), as set forth *infra* Part III. However, the Court will not grant leave to submit rebuttal expert testimony unless Defendant clearly identifies specific evidence that it needs to rebut and shows that it would be subject to extreme prejudice without such relief.

## III. Conclusion

Defendant's Motion for Leave to Submit Rebuttal Expert Testimony (Doc. 294) is GRANTED in part and DENIED in part. The motion is granted to the extent that Defendant may file a motion within five (5) days of receiving Plaintiffs' expert report(s), if any, seeking leave to submit rebuttal expert testimony.

**SO ORDERED this 31st day of January, 2018.**

**TERENCE KERN**
**United States District Judge**