**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| IN RE: GENENTECH HERCEPTIN (TRASTUZUMAB) MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 16-MD-2700 ALL CASES |

**MOTION TO RECONSIDER THE DISMISSAL OF CASE NO. 4:17-cv-00394**

NOW COMES Plaintiff ONCOLOGY-HEMATOLOGY ASSOCIATES OF CENTRAL ILLINOIS, P.C. ("OHACI") by and through its undersigned attorneys, and as and for its Motion to Reconsider the Dismissal of Case No. 4:17-cv-00394, which is part of the above-captioned case, filed pursuant to Federal Rules of Civil Procedure Rule 59, states as follows:

1. OHACI filed its case against GENENTECH, INC. ("Genentech") in the U.S. District Court for the Central District of Illinois (Peoria), on June 14, 2017. The case was docketed as Case No. 17-cv-1279. OHACI served Genentech shortly after the filing.

2. On July 6, 2017, a Conditional Transfer Order was finalized in that case, causing the transfer of the case to this Court (the U.S. District Court for the Northern District of Oklahoma), to be included with a number of other cases as part of MDL Docket No. 16-MD-2700 (the "MDL Case"). The case filed by OHACI was redocketed by this Court as Case No. 4:17-cv-00394 (the "OHACI Case").

3. At the time that the OHACI Case was added to the MDL Case, Genentech had previously filed an Amended Motion for Summary Judgment Based on Federal Preemption and Brief in Support (the "Motion for Summary Judgment"). (MDL Case Doc. Nos. 200 (redacted) and 201 (sealed, unredacted)). Of course, the Motion for Summary Judgment was not directed to OHACI's Complaint, because the OHACI Case had not been filed at the time that the Motion for Summary Judgment was filed (April 24, 2017). (On information and belief, the OHACI Case is

the **only** individual case that is included in the MDL Case that was filed after the Motion for Summary Judgment).

4. Therefore, on July 24, 2017, in the MDL Case, the Court entered an Order providing, in pertinent part, as follows: "The Court hereby STAYS Defendant's obligation to respond to the Complaint recently filed by Oncology-Hematology Associates of Central Illinois, and any subsequent complaints, pending a ruling on Genentech, Inc.'s Amended Motion for Summary Judgment (Doc. 200). If the case proceeds past Phase I, the Court will lift the stay at that time." (MDL Case, Doc. 235).

5. At no time did Genentech file an answer to the Complaint or any dispositive motion in the OHACI Case (or any other document, in the OHACI Case or the MDL Case, that was addressed to the OHACI Case or OHACI's Complaint).

6. On March 20, 2019, in the MDL Case, Judge Kern entered an Opinion and Order granting the Motion for Summary Judgment. (MDL Case, Doc. 389).

7. On March 20, 2019, the OHACI Case was dismissed as a result of the Judge's granting of the Motion for Summary Judgment in the MDL Case. (*See* OHACI Case, Docket Entry March 20, 2019).

8. OHACI respectfully submits that the dismissal of the OHACI Case was in error. The Motion for Summary Judgment in the MDL Case did not request any relief in regard to the OHACI Case or OHACI's Complaint filed therein.

9. This Motion is being filed in the MDL Case, though it is not intended to relate to any case included in the MDL Case other than the OHACI Case. (Please note that the Court's ECF system does not permit the filing of a Motion to Reconsider the March 20, 2019 docket entry in the OHACI Case, which is not assigned a document number).

10. Telephone conversations with various Clerk's offices and lead counsel for the Plaintiffs in the MDL Case have not resulted in a clear path forward. (In general, everyone involved is equally baffled regarding the interplay between the various cases, the stay of Genentech's deadline to respond to OHACI's Complaint, the Motion for Summary Judgment, and the effect of the Opinion and Order).

11. OHACI has no interest in complicating this Court's docket by pursuing causes of action in the OHACI Case that may have been effectively resolved in the MDL Case (though OHACI's Complaint, pled under Illinois law, was not addressed in the Judge's Opinion and Order in the MDL Case).

12. This being said, OHACI also has no interest in engaging in an appeal of an Opinion and Order that did not address OHACI's Complaint. OHACI might lack standing to challenge the Opinion and Order in any case.

13. Under the circumstances, OHACI submits that the most reasonable path forward is for the Court to rescind the March 20, 2019 docket entry dismissing the OHACI Case, thereby reinstating the case, and then to **leave the case stayed** pursuant to the July 24, 2017 Order entered in the MDL Case. (MDL Case, Doc. 235). In that Order, the Court held that "[i]f the case proceeds past Phase I [the Motion for Summary Judgment], the Court will lift the stay at that time." (MDL Case, Doc. 235). The case has essentially not proceeded past "Phase I," so the stay should not be lifted.

14. This Motion is filed pursuant to Federal Rules of Civil Procedure Rule 59, as it seeks to alter or amend the judgment (the dismissal) in the OHACI Case. This Motion is timely pursuant to Rule 59(e), as it is being filed no later than 28 days after the entry of judgment.

15. To the extent that this Motion is considered a motion for relief pursuant to Federal Rules of Civil Procedure Rule 60, the circumstances described herein constitute a "reason that justifies relief" pursuant to Rule 60(b)(6). This Motion is timely pursuant to Rule 60(c)(1).

WHEREFORE, OHACI respectfully requests that this Honorable Court rescind the March 20, 2019 docket entry dismissing the OHACI Case, thereby reinstating the case, and award OHACI such other and further relief as is deemed appropriate under the circumstances.

                            Respectfully Submitted,

                            ONCOLOGY-HEMATOLOGY ASSOCIATES
                            OF CENTRAL ILLINOIS, P.C.,
                            Plaintiff

                            By:    /s/ Janaki Hannah Nair
                                   One of its attorneys

Brian J. Meginnes (bmeginnes@emrslaw.com)
Janaki Nair (jnair@emrslaw.com)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois  61602-1611
Telephone:  (309) 637-6000
Facsimile:  (309) 637-8514

919-0306

**CERTIFICATE OF ELECTRONIC FILING
AND CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on April 17, 2019, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

I further certify that on the same day, I caused a true and correct copy of the foregoing document to be sent via U.S. First Class Mail to the following:

Kathryn Hannen Walker
Bass Berry & Sims PLC (Nashville)
150 THIRD AVE SOUTH STE 2800
NASHVILLE, TN 37201

William Edgar Spivey
Kaufman & Canoles PC (Norfolk)
150 W MAIN ST STE 2100
NORFOLK, VA 23510

                                                      /s/ Janaki Nair
                                                     Janaki Nair, Esq.

Brian J. Meginnes (bmeginnes@emrslaw.com)
Janaki Nair (jnair@emrslaw.com)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514