# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: GENENTECH HERCEPTIN (TRASTUZUMAB) MARKETING AND SALES PRACTICES LITIGATION | MDL DOCKET NO. 16-MD-2700<br>**Case No. 4:17-cv-00394** |

### PLAINTIFF ONCOLOGY-HEMATOLOGY ASSOCIATES OF CENTRAL ILLINOIS, P.C.'s REPLY IN SUPPORT OF MOTION TO RECONSIDER DISMISSAL OF CASE NO. 4:17-cv-00394

Plaintiff ONCOLOGY-HEMATOLOGY ASSOCIATES OF CENTRAL ILLINOIS, P.C. ("OHACI"), the plaintiff in Case No. 4:17-cv-00394 (the "OHACI Case"), files this Reply in support of its Motion to Reconsider the Dismissal of Case No. 4:17-cv-00394 (Doc. No. 393), responding to the Opposition to its Motion to Reconsider Dismissal of Case No. 4:17-cv-00394 (Doc. No. 405) filed by GENENTECH, INC. ("Genentech").

OHACI filed its Motion to Reconsider the Dismissal of Case No. 4:17-cv-00394 (Doc. No. 393) (the "Motion to Reconsider") on April 17, 2019. Pursuant to Local Rule LCvR7.2(e), Genentech's response to the Motion to Reconsider was due to be filed on or before May 8, 2019. Genentech actually filed its Opposition to its Motion to Reconsider Dismissal of Case No. 4:17-cv-00394 (Doc. No. 405) (the "Opposition") on May 6, 2019. Pursuant to LCvR7.2(h), OHACI has fourteen (14) days after the due date of Genentech's response to file a reply in support of its Motion to Reconsider. This Reply is being filed on May 19, 2019, which is within fourteen (14) days after the due date of Genentech's response. Therefore, the Reply is timely.

First, Genentech argues that OHACI somehow waived its right to "object to its inclusion in the summary judgment proceedings." Genentech cites to this Court's July 24, 2017 Order, which stayed Genentech's obligation to file a response to the OHACI Complaint. (Doc. 235).

This is hardly a waiver of any right by OHACI; the OHACI proceedings were stayed while the summary judgment played out. Genentech also lists various filings by "the MDL Plaintiffs' Lead Counsel," that Genentech alleges were filed "*expressly* on behalf of OHACI (and the other Plaintiffs)." (Opposition, pg. 4; emphasis added). As far as OHACI can determine, none of the listed documents actually include any reference to OHACI, though the relevant docket entries do appear to list OHACI in the midst of the other Plaintiffs. Again, it is unclear how these docket entries would constitute waivers by OHACI.

Second, Genentech argues that its Motion for Summary Judgment filed on April 24, 2017 (Doc. 200-201), was effectively a response to the OHACI Complaint. This is simply not the case. This Court's July 24, 2017 Order clearly states, in pertinent part, as follows: "**The Court hereby STAYS Defendant's obligation to respond to the Complaint** recently filed by Oncology-Hematology Associates of Central Illinois, and any subsequent complaints, pending a ruling on Genentech, Inc.'s Amended Motion for Summary Judgment (Doc. 200). If the case proceeds past Phase I, the Court will lift the stay at that time." (Doc. 235; emphasis added). The Court's Order makes it clear that the Motion for Summary Judgment was not a "response" to OHACI's Complaint, rather, Genentech's obligation to file a "response" to OHACI's Complaint was stayed.

The facts are that Genentech never filed an answer or other pleading responsive to the OHACI Complaint, and Genentech never filed a motion seeking to dispose of the OHACI Complaint. In lieu of staying the OHACI Case, Genentech could easily have amended its previously-filed Motion for Summary Judgment to request judgment in Genentech's favor on the OHACI Case; Genentech chose not to do so. Therefore, because the Motion for Summary

Judgment did not address the OHACI Complaint, Judge Kern's Opinion and Order granting that Motion for Summary Judgment (Doc. 389) did not dispose of the OHACI Case.

Third and finally, Genentech argues that the OHACI Case is preempted, for the reasons stated in Judge Kern's Opinion and Order. (Doc. 389). Notwithstanding the fact that the Order did not actually dispose of OHACI's Complaint in the OHACI Case, if that Order is affirmed on appeal, ***OHACI agrees that it will constitute precedential authority in this District for the proposition that OHACI's claims are preempted***. Therefore, in the event that the Order is affirmed, OHACI fully intends to dismiss the OHACI Case voluntarily. This is not, however, a reason to deny OHACI's Motion to Reconsider.

WHEREFORE, for the reasons stated herein, OHACI respectfully requests that this Honorable Court grant the Motion to Reconsider, and award OHACI such other and further relief as is deemed appropriate under the circumstances.

    Respectfully Submitted,

    ONCOLOGY-HEMATOLOGY ASSOCIATES
    OF CENTRAL ILLINOIS, P.C.,
    Plaintiff


    By:   /s/ Janaki Hannah Nair
         One of its attorneys

Brian J. Meginnes (bmeginnes@emrslaw.com)
Janaki Nair (jnair@emrslaw.com)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois  61602-1611
Telephone:  (309) 637-6000
Facsimile:  (309) 637-8514

919-0365

**CERTIFICATE OF ELECTRONIC FILING**
**AND CERTIFICATE OF SERVICE**

  I, the undersigned, do hereby certify that on May 19, 2019, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                /s/ Janaki Nair
                Janaki Nair, Esq.

Brian J. Meginnes (bmeginnes@emrslaw.com)
Janaki Nair (jnair@emrslaw.com)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514