IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: GENENTECH, INC., | ) | |
| HERCEPTIN (TRASTUZUMAB) | ) | Case No. 16-MD-02700-GKF-JFJ |
| MARKETING AND SALES | ) | |
| PRACTICES LITIGATION | ) | |

**OPINION AND ORDER**

This matter comes before the court on plaintiffs' Motion for Leave to Amend Master Complaint [Doc. 698]. For the reasons set forth below, the motion is granted.

**I.      Background/Procedural History**

On November 12, 2020, plaintiffs filed the Master Complaint, which included the following claims: (1) fraud; (2) breach of express warranty; (3) breach of implied warranty; (4) California False Advertising and Unfair Competition Violations pursuant to Cal. Bus. & Pro. Code §§ 17500 *et seq.* and 17200 *et seq.*; and (5) unjust enrichment.

On December 3, 2020, Genentech filed a motion to dismiss the Master Complaint. Therein, Genentech argued, in part, that, pursuant to the reasoning of *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), plaintiffs' equitable claims for unjust enrichment and violations of California's unfair competition and false advertising laws should be dismissed because plaintiffs have an adequate legal remedy.

In a May 16, 2022 Opinion and Order, U.S. District Judge Terence C. Kern denied Genentech's motion to dismiss the Master Complaint. In the Opinion and Order, Judge Kern did not explicitly address Genentech's argument regarding plaintiffs' equitable claims.

On June 29, 2023, the MDL was reassigned to the undersigned.

On February 16, 2024, pursuant to *Sonner* and the subsequently-decided *Guzman v. Polaris Industries, Inc.,* 49 F.4th 1308 (9th Cir. 2022), Genentech filed a motion for partial judgment on the pleadings as to Count IV – California False Advertising and Unfair Competition Violations and Count V – Unjust Enrichment, but only to the extent premised on California law.  Genentech again argued that the equitable claims fail based on the existence of an adequate legal remedy.

On April 17, 2024, the court granted the motion as to Count IV – California False Advertising and Unfair Competition Violations, but denied the motion as to Count V – Unjust Enrichment to the extent premised on California law.  That same day, the court entered the Second Amended Phase II Scheduling Order.

A month later, on Friday, May 17, 2024, the court held a Case Management Conference.  During the conference, plaintiffs expressed their intent to file a motion for leave to amend the Master Complaint to explicitly plead the California False Advertising and Unfair Competition Violations claim in the alternative and to explain why their legal claims and remedies are inadequate.  Genentech stated it would object to such a motion.

Although the court indicated at the conference it would not permit plaintiffs to file a motion to amend, in a Monday, May 20, 2024 Order, the court reconsidered its position.  Additionally, the court struck the remaining deadlines in the Second Amended Phase II Scheduling Order, to be reset upon the court's resolution of plaintiffs' motion.

On May 24, 2024, plaintiffs filed the Motion for Leave to Amend Master Complaint.  [Doc. 698].  Genentech responded in opposition [Doc. 700], and plaintiffs filed a reply brief.  [Doc. 702].

**II.     Standard**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within twenty-one (21) days of service or, if the pleading is one to which a responsive

pleading is required, within 21 days of service of the responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court should "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Denver Dep't of Safety,* 397 F.3d 1300, 1315 (10th Cir. 2005). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter,* 451 F.3d at 1204 (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)).

**III.   Analysis**

Plaintiffs seek leave to cure the deficiencies noted in the court's May 20, 2024 Order with respect to the California False Advertising (FAL) and Unfair Competition Violations (UCL) claim. Genentech contends that leave to amend should be denied because the requested amendment is (1) futile pursuant to *Sonner* and *Guzman*, and (2) untimely and prejudicial. The court separately considers each argument.

    A.    Futility

Genentech argues that the claim is futile because "federal courts are divested of equitable jurisdiction when the operative complaint demonstrates the *potential* for an adequate legal recovery in the form of damages, not if and when plaintiffs ultimately succeed in obtaining an

adequate legal recovery." [Doc. 700, p. 5]. However, in the May 20, 2024 Order, the court declined to interpret *Sonner* and *Guzman* to wholly prohibit pleading in the alternative. Rather, the undersigned construed *Sonner* and *Guzman* to require that plaintiffs assert lack of an adequate remedy at law in order to plausibly allege a claim for equitable relief under the UCL and FAL. [Doc. 692, p. 8]. The court's interpretation is consistent with Tenth Circuit precedent, which permits a party to plead both legal and equitable claims, regardless of consistency. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir. 1952); *Boulware v. Baldwin*, 545 F. App'x 725, 729 (10th Cir. 2013) ("Federal pleading rules have for a long time permitted the pursuit of alternative and inconsistent claims."); *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 51 F. App'x 786 (10th Cir. 2002); *see also* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Insofar as Genentech's response suggests the court should reconsider its prior Order, the court declines to revisit the issue.

Thus, the court need only determine whether plaintiffs have plausibly alleged a lack of an adequate legal remedy in the proposed Amended Master Complaint. The U.S. Supreme Court has recognized that "[a] remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937).

In the proposed Amended Master Complaint, plaintiffs explicitly plead the UCL and FAL claim in the alternative. [Doc. 698-1, p. 29, ¶ 167]. Additionally, plaintiffs assert that "no adequate remedy at law exists to recover the amounts paid for Herceptin 440 mg to the extent those amounts (in whole or in part) are deemed not recoverable as damages under their claims for fraud, breach of express warranty, and breach of implied warranty." [*Id.* at p. 31, ¶ 181]. Plaintiffs further allege:

> Restitution or disgorgement may also be more certain, prompt, and efficient than other legal remedies requested herein. The scope of actionable misconduct under

> the FAL and UCL is broader than under the other causes of action asserted herein. For example, Plaintiffs can prevail on their UCL claim, under the "unlawful" prong by showing only that Genentech failed to comply with state and/or federal laws and/or regulations. They may also prevail on their UCL claim under the "unfair" prong merely by proving Genentech acted unscrupulously or engaged in conduct that substantially injured Herceptin purchasers. In addition, unlike a claim for common law fraud, the FAL and UCL do not require proof that the Herceptin label claim was false. Instead, Plaintiffs may recover restitution or disgorgement only by showing the label claim was misleading.

[*Id.* at p. 32, ¶ 182].

Genentech first argues that the foregoing allegations do not plausibly assert that plaintiffs lack an adequate legal remedy because the legal claims and equitable claims seek the same measure of relief—specifically, the amounts paid for 440 mg Herceptin vials. [Doc. 700, pp. 6-7]. However, as previously stated, the Tenth Circuit permits pleading alternative claims, provided that plaintiffs do not receive a double recovery. *See Boulware*, 545 F. App'x at 729; *see also Mason v. Okla. Tpk. Auth.,* 115 F.3d 1442, 1459 (10th Cir. 1997), *overruled on other grounds*, *TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011) (emphasis added) (quoting *Clappier v. Flynn,* 605 F.2d 519, 530 (10th Cir. 1997) ("It is well established that 'double recovery is precluded when alternative theories seeking the same relief *are pled and tried together.*'"). Thus, plaintiffs may plead the UAL and FAL claim in the alternative while they attempt to prove their other, legal claims, but plaintiffs will not be permitted to doubly recover.[1]

Genentech also argues that plaintiffs' allegations that restitution or disgorgement are "more certain, prompt, and efficient" because the equitable claims may be easier to prove than their legal

---

[1] This is consistent with the maxim that "as a general rule equitable claims are considered subsequent to decision on legal claims." *Colo. Coal Furnace Distribs., Inc. v. Prill Mfg. Co.*, 605 F.2d 499, 505 (10th Cir. 1979). Further, the court notes that, contrary to Genentech's assertions, California district courts are split as to whether plaintiffs may seek UAL and FAL restitution for the same amounts for which legal damages are sought. *Cf. Valiente v. Simpson Imports, Ltd.*, — F. Supp. 3d —, 2024 WL 695700, at *13 (N.D. Cal. Feb. 20, 2024) *with Smart v. NCAA,* No. 22-CV-02125-WBA-KJN, 2023 WL 4827366, at *11 (E.D. Cal. July 27, 2023).

claims are insufficient. Genentech directs the court to no Tenth Circuit authority for the proposition. Instead, Genentech relies on unpublished and district court decisions interpreting *Sonner* and *Guzman*, almost all of which are from federal courts sitting in California.

However, as previously recognized by this court, California courts are far from uniform in their application of *Guzman* and *Sonner* at the pleading stage, including whether allegations that an equitable remedy "may be simpler or easier to obtain" plausibly assert lack of an adequate legal remedy. *Clevenger v. Welch Foods Inc.,* No. CV-20-01859-CJC, 2022 WL 18228288, at *6 (C.D. Cal. Dec. 14, 2022) (such allegations insufficient). *Cf. with Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021) (internal citation and footnote omitted) ("[V]iewed in the light most favorable to plaintiff, her allegations sufficiently plead that 'restitution under the CLRA or UCL would be more certain, prompt, or efficient' than the monetary damages she seeks, but may ultimately not attain."); *M.O. Dion & Sons, Inc. v. VP Racing Fuels, Inc.*, No. CV-19-5154-MWF, 2022 WL 18281526, at *8 (C.D. Cal. Nov. 2, 2022) ("As courts in this Circuit have held, a plaintiff adequately demonstrates the lack of an alternative remedy at law when the elements of their legal claims require proof of conduct beyond that which must be shown to establish liability under the UCL and FAL."); *Farmer v. Barkbox, Inc.*, No. 22-CV-01574-SSS-SHK, 2023 WL 8522984, at *6 (C.D. Cal. Oct. 6, 2023).

Having reviewed the cases, the court concurs with those courts concluding that allegations that plaintiffs' legal claims include "more 'stringent elements'" than their equitable claims sufficiently show, at the pleading stage of the litigation, "that [plaintiffs] lack[] an adequate remedy at law and may proceed with [their] claims for equitable relief." *Farmer*, 2023 WL 8522984, at *6.

In this regard, the court first notes that neither *Guzman* nor *Sonner* were decided at the pleading stage. Rather, *Sonner* affirmed the dismissal of an equitable claim only a few months prior to trial and *Guzman* reversed the lower court's entry of summary judgment. Thus, neither *Guzman* nor *Sonner* clarify the requirements to plausibly plead lack of an adequate legal remedy. *Chaplin v. Walmart, Inc.*, No. 23-CV-00878-WHO, 2023 WL 4843956, at *7 n.5 (N.D. Cal. May 25, 2023) ("[T]he text of neither *Guzman* nor *Sonner* requires courts to assess, at the pleadings stage, whether the requested legal remedies are in fact adequate."); *Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at **26-27 (N.D. Cal. Jan. 19, 2022).

Further, neither *Sonner* and *Guzman* dealt with a situation where the legal claims failed due to a lack of proof, as opposed to plaintiff's own failure to pursue a remedy at law. Thus, neither court grappled with the situation presented in this matter, where plaintiffs' common-law claims clearly require "more stringent" elements which may not be successfully proven.[2]

Finally, as previously stated, "a remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient." *Am. Life Ins. Co,* 300 U.S. at 214. Legal remedies that require more "stringent" proof, and are therefore harder to obtain, are not "equally prompt and certain." *Coleman*, 554 F. Supp. 3d at 1065.

In the proposed pleading, plaintiffs allege that they are pleading the UCL and FAL claim in the alternative and assert entitlement to equitable relief to recover the amounts paid for Herceptin 440 mg "to the extent those amounts (in whole or in part) are deemed not recoverable as damages" for their legal claims. [Doc. 698-1, pp. 29, 31]. Moreover, plaintiffs explain why

---

[2] The court further notes that the majority of cases analyze pleadings where plaintiffs bring an equitable FAL/UCL claim and a legal claim under California Consumers Legal Remedies Act (CLRA), which "is decided largely under the same legal standards as the UCL and FAL claims, *unlike the common law fraud claim.*" *Traer v. Domino's Pizza LLC*, No. CV-21-6187-MWF, 2023 WL 6369712, at **16-17 (C.D. Cal. June 29, 2023).

damages might be deemed not recoverable for their legal claims—specifically, because the FAL and UCL claim covers more conduct and therefore may be less burdensome to prove. [*Id.* at p. 32]. Viewing these allegations in the light most favorable to plaintiffs, plaintiffs have plausibly alleged that they lack an adequate legal remedy. *Coleman*, 554 F. Supp. 3d at 1065; *Valiente*, 2024 WL 695700, at *13 (finding allegations that plaintiff "may lack an adequate remedy at law" if the amount of damages is less than the price paid for the goods and that "[r]estitution and/or injunctive relief may also be more certain, prompt, and efficient than other legal remedies" were sufficient to survive a motion to dismiss); *Farmer,* 2023 WL 8522984, at *6; *M.O. Dion & Sons, Inc.*, 2022 WL 18281526, at *8. Thus, the proposed amendments are not futile.

      B.      *Timeliness and Prejudice*

"[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter*, 451 F.3d at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). Genentech asserts that plaintiffs unduly delayed seeking leave to amend. Specifically, Genentech argues that plaintiffs were on notice of the deficiencies in their equitable claims as early as December of 2020, but plaintiffs failed to seek leave to amend to cure those deficiencies for over three years.

However, in the motion, plaintiffs point out that Judge Kern denied Genentech's motion to dismiss, in full, in May 2022 and therefore implicitly denied all bases for dismissal asserted in Genentech's motion. Thus, plaintiffs state they "had no reason to amend a pleading—and thus potentially invite Genentech's ***fifth*** motion to dismiss—when the Court had found that pleading to be adequate to state a claim under Fed. R. Civ. P. 12(b)(6)," particularly when Genentech did not attempt to raise the issue again before Judge Kern. [Doc. 698, pp. 15-16].

Further, plaintiffs point out that they sought leave to amend the Master Complaint in their response in opposition to Genentech's motion for judgment on the pleadings; however, the court denied the request for failure to comply with Local Civil Rule 7-1(h). *See* [Doc. 692, p. 12 n.4].

Finally, plaintiffs explain that they did not immediately seek leave to amend following the court's April 17, 2024 Order dismissing the FAL and UCL claim because a Case Management Conference was scheduled for May 17, 2024. Plaintiff states that they "believed it was prudent to discuss their continued wish to amend the Master Complaint with the Court at the next scheduled conference before moving to amend" to seek "guidance on how most efficiently to present and resolve the issue." [Doc. 698, p. 17]. Plaintiffs note that Genentech had proceeded in a similar manner with respect to the motion for judgment on the pleadings at the prior Case Management Conference.

The court is satisfied with plaintiffs' explanation, particularly given that Genentech does not allege that plaintiffs have a bad faith or dilatory motive in seeking lave to amend.

Further, and of some significance to this court, Genentech will not be prejudiced by the amendment. Most significantly, **the FAL and UCL Claim is not a new claim**. Rather, it was an active claim in the Master Complaint throughout almost the entirety of Phase II discovery. Further, the court has stricken all remaining Second Amended Phase II Scheduling Order deadlines to be reset upon resolution of this motion. Thus, the amendment will not unfairly affect Genentech "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)).

Genentech argues that it will be prejudiced because amendment "ensures that Genentech cannot challenge Plaintiffs' amended pleadings . . . without either (a) delaying class certification briefing; or (b) forcing Genentech to brief the merits of their amended claims in tandem with class

certification." [Doc. 700, p. 13]. The court acknowledges the difficulties of scheduling in this matter. However, the court intends to expeditiously rule if Genentech files a motion to dismiss the Amended Master Complaint so as not to delay this matter further and provide the parties adequate time to prepare class certification briefing.

### IV. Conclusion

WHEREFORE, plaintiffs' Motion for Leave to Amend Master Complaint [Doc. 698] is granted.

IT IS FURTHER ORDERED plaintiffs shall file the Amended Master Complaint on or before June 18, 2024.

IT IS FURTHER ORDERED that the court shall subsequently enter Case Management Order # 8 regarding Amended Short Form Complaints.

IT IS FURTHER ORDERED that the court will enter a Third Amended Phase II Scheduling Order upon the close of the pleadings.

IT IS SO ORDERED this 14th day of June, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE